SCHOOL-DISTRICT *v.* MORRILL & *a.*

An existing school-district, however organized, was legalized by Gen. St., *c.* 78, *s.* 3.

A school-district is entitled to its proportion of school-money, except the literary fund, although no school is kept.

Selectmen are liable in an action of debt, under Gen. St., *c.* 77, *s.* 6, for neglect to pay over on demand to the prudential committee the proportion of school-money belonging to a district, assessed and assigned for a previous year by a former board of selectmen.

DEBT, against the selectmen of Andover for school-money belonging to the plaintiffs, remaining unpaid, made up of a tax upon the polls and taxable estate in the town, the literary fund and the dog-tax, and assigned to the plaintiffs by a former board of selectmen for the years ending March, 1877, and March, 1878. Plea, *nil debet.* Facts found by a referee. During those years no school was kept, and in the former year there were only one or two scholars in the district. Since the summer of 1878 there have been ten or twelve scholars, and one term of school each year. Thompson, who acted as prudential committee during the years for which the school-money was assigned, lived on a farm in the adjoining town of Salisbury. This farm had been included in the plaintiff district about twenty years, under some arrangement made at some time between the selectmen of Andover and Salisbury, but whether the farm was ever legally annexed did not appear. There had been no change in the boundaries of the district since 1862. It was admitted, for the purpose of this case, that the money was demanded of the defendants by a duly appointed prudential committee before the commencement of the suit.

*Leach & Stevens*, for the plaintiffs.

*Shirley*, for the defendants.

The plaintiff district has no corporate existence. Thompson had no authority to receive the money. Prior to the Revised Statutes, the money belonged to the selectmen. They hired and paid the teachers, and it was their duty to see that the money was not misapplied. *Tolman* v. *Marlborough*, 3 N. H. 57. By the Revised Statutes it was provided that the money should be paid over to the prudential committee, and that they should hire and pay the teachers. This provision remains unchanged. It does not relieve the selectmen of the duty to see that the money is not misapplied. *School-District* v. *Esty*, 16 N. H. 148. The prudential committee is not the agent of the district, and the district cannot control his action. It is not the duty of the selectmen to pay the money over to him when they know it will be misapplied. Until paid over, the money does not belong to the district or to the prudential committee. Being for the annual support of a school, if not drawn annually it remains the property of the town. The district cannot compel the town to hold the money in trust, and allow it to accumulate until they see fit to call for it. When the law was enacted, making selectmen liable for neglect to pay over the school-money, they were its lawful custodians. Now all money received by selectmen from any source must be paid immediately to the treasurer. G. L., *c.* 40, *s.* 9. They are not accountable to the plaintiffs for money which the statute directs them to pay to some one else. Gen. St., *c.* 77, *s.* 6, refers only to money raised under *ss.* 1 and 2 of the same chapter, and not to the dog-tax, which belongs to the town to be applied to school purposes, or retained for another purpose, as the town may vote. Gen. St., *c.* 105, *s.* 15.

BINGHAM, J. There has been no change in the boundaries of the district since 1862. However organized, it was legalized by Gen. St., *c.* 78, *s.* 3. *School-District* v. *Pillsbury*, 58 N. H. 423. The selectmen of each town assess a sum annually upon the polls and taxable estate therein, for the purpose of keeping schools within such town, including the purchase of fuel and making repairs, assign to each district a proportion of the money thus raised, according to its valuation, or in such other manner as the town at the annual meeting shall direct, and pay over the same to the prudential committee of the district. If the selectmen neglect to assess, assign, or pay over the school-money, they are liable for an equal sum, to be recovered by action of debt in the name of the district. Gen. St., *c.* 77. The plaintiffs were entitled to the money, although no school was kept. The statute is peremptory and unconditional, that the money shall be assigned to the district and

paid over to their prudential committee. The selectmen have no authority to supervise its expenditure. The prudential committee is given that authority, and is subjected to a penalty for its abuse. Gen. St., c. 77, s. 7. One of the purposes of the school fund being to purchase fuel and repair the school-house, the statute does not mean that the money shall be withheld until a school has been kept. Gen. St., c. 77, s. 3. The money was raised by an assessment on all the polls and taxable estate of the town, and the statute contemplates that each district may receive back, as nearly as practicable, the amount they have contributed to the school fund. The money is divided according to the relative valuation of each district, unless the town direct some other manner at the annual meeting. Gen. St., c. 77, s. 4. The district are entitled to the money. If the prudential committee has received it, and neglects to use it for school purposes, the district may recover it in an action against him for money had and received. *School-District* v. *Sherburne*, 48 N. H. 52. Such an action could not be maintained if the money belonged to the town, selectmen, or prudential committee. Whoever has possession of the money holds it in trust for the use of the district. When the trust has been neglected or has ceased, they are entitled to the possession of the fund. They do not forfeit it by the neglect of the selectmen to pay it over to the prudential committee, or the neglect of the latter to receive and expend it. Their right to the money does not expire with the year in which it was assigned.

Although the school-money was assessed and assigned to the district before the defendants were selectmen, having refused to pay it over to the prudential committee, they are liable. The money belongs to the district, it is in the town treasury subject to their order, and it is their duty to pay it to the prudential committee on demand. Any board of selectmen, who fail to assess, assign, or pay over the school-money, are liable under the statute. The statutes directing the immediate payment to the town treasurer of all money belonging to the town, do not relieve the selectmen of this liability. Their authority is not thereby abridged; the manner of its exercise is merely regulated. Laws of 1869, c. 26; Laws of 1872, c. 19; Laws of 1874, c. 85. The school-money is still subject to their order for its legitimate purposes, the same as before.

The school fund for which the selectmen were originally made responsible was derived from an assessment on the polls and taxable estate in the town. The town is now permitted to apply the fund derived from the dog-tax to the support of schools. When so applied, it becomes, in effect, a part of the school fund, assignable to the districts in the same proportion as the rest of the school fund, and there is no reason why the selectmen should not be under the same obligation as to its payment. The same is true of the literary fund. But in this case the plaintiffs are not entitled

to any part of the literary fund, having maintained no school. G. L., c. 94, s. 7.

*Judgment for the plaintiffs.*

ALLEN, J., did not sit : the others concurred.